87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BENSON, Plaintiff-Appellant,
v.
WENDELL SCHOOL DISTRICT NO. 232, Defendant-Appellee.
 No. 95-35423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
June 18, 1996.
 
 Before: LAY,* FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Benson ("Benson"), a school teacher, appeals from the district court's entry of summary judgment in favor of the defendant, Wendell School District ("District"), arguing that the court erred by rejecting Benson's federal civil rights and state law claims arising out of the District's elimination of the only educational program for which Benson was qualified. We review de novo, viewing the evidence in the light most favorable to Benson as the nonmoving party to determine whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. See Buffets, Inc. v. Klinke, 73 F.3d 965, 967 (9th Cir.1996). We affirm.
 
 
 3
 As a teacher with more than three years of consecutive District service, Benson was entitled to automatic renewal of his contract for any post he was qualified to fill, see Idaho Code § 33-515, and any attempt on the part of the District to discharge Benson for cause would give rise to certain procedural safeguards. See Idaho Code §§ 33-513(5), 33-515(6). As the district court noted, however, the District did not discharge Benson, either during or at the end of his contract term, for unsatisfactory service; rather, the District simply declined to pick up Benson's annually renewable contract because he was unqualified to fill any available post in the upcoming academic year.
 
 
 4
 Although Benson's requested pre-deprivation hearing was designated as "informal," it was open to the public and duly recorded; the full Board was present and represented by District counsel. At least twenty-one witnesses appeared and testified on behalf of Benson and the threatened Vo-Ag program. Benson himself appeared with his own attorney, who introduced fifteen documents into evidence, offered the testimony of another seven witnesses, cross-examined the Board Superintendent, and later submitted a brief on behalf of his client. In light of these facts, it is difficult to see just how much more process Benson was due.
 
 
 5
 Because we find no merit to Benson's arguments, the decision appealed from is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3